CONTINENTAL CASUALTY COMPANY, Appellant, v. PECK, d/b/a PECK'S DINETTE, Respondent.

*No. 7. Argued December 1, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 229.)

For the appellant there was a brief by *Prosser, Wieda-bach, Koppa, Lane & Quale,* attorneys, and *David M.*

*Quale* of counsel, all of Milwaukee, and oral argument by *David M. Quale.*

No brief or appearance for the respondent.

HANLEY, J. The respondent has not appeared nor filed a brief on this appeal. The court may, therefore, reverse the judgment upon the procedural ground pursuant to sec. (Rule) 251.57, Stats.

The appellant has requested the court to consider the case upon its merits and reverse the judgment, with instructions that judgment be entered in favor of the plaintiff-appellant.

Under the circumstances of this case, we think the request should not be granted. It appears that the fundamental question in this case is whether the respondent can be required to pay more than he is obligated to pay under the workmen's compensation law.

The complaint alleged three causes of action. The trial court found no cause of action, but its memorandum opinion only dealt with one of the plaintiff's three theories of recovery.

We are of the opinion that the issues should be briefed and argued on both sides before we extend the liability of employers under the Workmen's Compensation Act. We therefore reverse under sec. (Rule) 251.57, Stats., not upon the merits.

*By the Court.*—Judgment reversed.